FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 DEC 24  PM 4: 21

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE HARTFORD INSURANCE GROUP | * | CIVIL ACTION |
| VERSUS | * | NO. 01-3689 |
| LOU-CON, INC. | * | SECT. "E" |
| * * * * * * * * * | | MAGISTRATE: 02 |

## MOTION TO DISMISS

Defendant, Lou-Con, Inc. (hereinafter "Lou-Con") moves to dismiss the Complaint by The Hartford Insurance Group, based upon diversity of jurisdiction, on the basis the amount in controversy is unknown and there is no proof that the amount is in excess of $75,000.00, exclusive of interest and costs, as mandated by 28 USC 1332, all as more particularly set forth in the memorandum Lou-Con attaches hereto in support of this motion.

Respectfully submitted,

_____
Antonio Le Mon (17320)
321 North Vermont Street
Covington, Louisiana 70433
TELEPHONE: (985) 898-0024
ATTORNEY FOR LOU-CON, INC.,
DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon all parties or counsel of record, by deposit in the United States mail, properly addressed and postage prepaid, this 20t$^h$ day of December, 2001.

_____
ANTONIO LE MON, ESQ.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE HARTFORD INSURANCE GROUP | * | CIVIL ACTION |
| VERSUS | * | NO. 01-3689 |
| LOU-CON, INC. | * | SECT. "E" |
| *  *  *  *  *  *  *  * | | MAGISTRATE: 02 |

### NOTICE OF HEARING

Please take notice, that the undersigned will bring the above motion on for hearing before this Court at Room C405, United States District Court, Eastern District of Louisiana on January 9, 2002 at 10:00 o'clock A.M. or as soon thereafter as counsel can be heard.

Respectfully submitted,

_____
Antonio Le Mon (17320)
321 North Vermont Street
Covington, Louisiana 70433
TELEPHONE: (985) 898-0024
ATTORNEY FOR LOU-CON, INC.,
DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon all parties or counsel of record, by deposit in the United States mail, properly addressed and postage prepaid, this 20t[h] day of December, 2001.

_____
ANTONIO LE MON, ESQ.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE HARTFORD INSURANCE GROUP | * | CIVIL ACTION |
| VERSUS | * | NO. 01-3689 |
| LOU-CON, INC. | * | SECT. "E" |
| * * * * * * * * | * | MAGISTRATE: 02 |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Lou-Con, Inc. (hereinafter "Lou-Con"), defendant herein, submits this memorandum in support of its Motion to Dismiss the Complaint of The Hartford Insurance Company (hereinafter "The Hartford"), and avers, as follows:

## I. PERTINENT FACTS

The Hartford brings this complaint seek declaratory relief from this Court that it owes neither a duty to defend nor indemnify Lou-Con as its commercial general liability carrier during the period 5/1/96 through 5/1/98 with regard to the claims and causes of action brought against Lou-Con by Murphy Oil USA, Inc. (hereinafter "Murphy Oil") in the matter entitled "Murphy Oil USA, Inc. v. Lou-Con, Inc., 34[th] Judicial District Court, Parish of St. Bernard, State of Louisiana, 94-437 "A", a copy of the pertinent portions of which is attached hereto as Exhibit "A" (hereinafter "the Murphy Oil litigation"). In that lawsuit, Murphy Oil claims that it entered into several contracts with Lou-Con for the providing of services by Lou-Con from 1980 to the present (Paragraph IV of Petition for Damages, Exhibit "A") wherein Lou-Con purportedly

agreed to defend and indemnify Murphy Oil for bodily injury and other claims arising from injuries to Lou-Con employees while performing services at Murphy Oil plants/work sites. Exhibit A-1 of the Petition for Damages in the Murphy Oil litigation sets forth six civil actions filed against Murphy Oil by alleged former and current employees of Lou-Con in which Murphy Oil seeks for Lou-Con to defend and indemnify it. The periods upon which the plaintiffs in the aforesaid six civil actions were employees of Lou-Con is not alleged nor is there any specification of the amount of money that Murphy Oil is seeking in damages against Lou-Con. There is further no specification in the Petition for Damages in the Murphy Oil litigation of the amount(s) that the plaintiffs in the aforesaid six civil actions are seeking in damages against Murphy Oil nor the amount of monies actually paid by Murphy Oil to any of the plaintiffs in those six civil actions. Rather, the dates that the plaintiffs in the aforesaid six civil actions were allegedly employed by Lou-Con and worked at Murphy Oil sites remain unknown. Many of these plaintiffs, who claim damages arising from asbestos disease, are seeking damages arising from exposure to asbestos dust over the course of twenty, thirty, and even forty years, during which they had multiple employers, and have sued a significant number of companies for their damages. The specific dates and evidence of these plaintiffs alleged employment with Lou-Con are not alleged nor are records readily available to confirm employment with Lou-Con, let alone such employment during which the alleged employees were exposed to asbestos dust while working at Murphy Oil plants/work sites. As such, it remains unclear which, if any of these plaintiffs suffered any damages during Hartford's periods of coverage.

In summary, it remains unclear what amounts, if any, that Murphy Oil will seek in damages against Lou-Con for defense and indemnity of the aforesaid six civil actions.

Notwithstanding the uncertainty of potential values of the aforesaid six civil actions and accordingly the potential damages in which Murphy Oil will seek indemnity from Lou-Con, Hartford alleges in Paragraph 4 of its Complaint for Declaratory Judgment that this Court has jurisdiction over the issues in dispute because "the amount in controversy is in excess of $75,000, exclusive of interest and costs".

## II. PERTINENT LAW

The complainant in a civil action has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional limit. Atkins v. Harcros Chemicals, Inc., 761 F. Supp. 444, 445 (E.D. La. 1991), Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3rd 781 (2d Cir. 1994), Gardner Stone Hunter International v. Iberia Lineas Aereas De Espana, S.A., 896 F. Supp. 125, 128 (S.D. N.Y., 1995). In fact, this Court has noted that "(s)ome courts have held that 'the party invoking the jurisdiction of the federal court has the burden of proving that it does NOT appear to a legal certainty that the claim is actually for less than the requisite jurisdictional amount.'" Atkins, *supra* citing the U.S. Supreme Court case of *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

In the instant matter, Hartford cannot meet its burden of proof that the issues in controversy involve claims in excess of $75,000 so as to invoke the jurisdiction of this Court. The facts upon which the claims against Murphy Oil by the plaintiffs in the aforesaid six civil actions are unclear and thus the indemnity and defense claims by Murphy Oil against Lou-Con remain unclear, particularly at to the potential damages that these plaintiffs may recover against Murphy Oil, and in turn, Murphy Oil against Lou-Con.

## III. CONCLUSION

Given the foregoing, this Court should dismiss this action at complainant's costs. It is noteworthy that Hartford can seek the declaratory relief it seeks in this proceeding in state court. Judicial economics and common sense dictate that the insurance obligations of Hartford should be decided in the Murphy Oil litigation since the facts pertinent to the coverage issues between the parties to this litigation will be litigated in that state court proceeding. As such, there is no prejudice to Hartford by the dismissal of the present proceeding by this Court.

Respectfully submitted,

_____
Antonio Le Mon (17320)
321 North Vermont Street
Covington, Louisiana 70433
TELEPHONE: (985) 898-0024
ATTORNEY FOR LOU-CON, INC.,
DEFENDANT

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon all parties or counsel of record, by deposit in the United States mail, properly addressed and postage prepaid, this 20t[h] day of December, 2001.

_____
ANTONIO LE MON, ESQ.

THIRTY-FOURTH JUDICIAL DISTRICT COURT

PARISH OF ST. BERNARD

STATE OF LOUISIANA

MURPHY OIL USA, INC.          No. 94-437 "A"

VERSUS

LOU-CON, INC.

FILED:_____          _____
                                              DEPUTY CLERK

### PETITION FOR DAMAGES FOR BREACH OF CONTRACT AND FOR DECLARATORY JUDGMENT

Plaintiff Murphy Oil USA, Inc. f/k/a Murphy Oil Corporation ("Murphy") avers as follows:

I.

Murphy is a corporation organized under the State of Delaware with is principal place of business in Arkansas.

II.

Defendant Lou-Con, Inc. is a corporation organized under the State of Louisiana with its principal place of business in Louisiana.

III.

Murphy has been named as a defendant in several lawsuits pending in Louisiana in which plaintiffs claim that they were injured at Murphy's Meraux facility while working for Lou-Con. A non-exclusive list of some of these lawsuits is attached as Exhibit A-1.

IV.

At all times during which Lou-Con worked for Murphy at its Meraux facility contracts existed between Lou-Con and Murphy in which Lou-Con agreed to defend and indemnify Murphy for any claims asserted by Lou-Con employees or arising out of Lou-Con's work against Murphy. For example, various copies of Murphy/Lou-Con contracts dated for the years 1980 to present are attached. See Summary at Exhibit A-2 and Exhibits B-V.

V.

For example, several of the Murphy/Lou-Con contracts provide as follows:


EXHIBIT "A"

> [Lou-Con] hereby agrees to indemnify and save [Murphy] harmless from and against any and all claims, demands, liabilities, suits or actions (including expenses and attorney's fees) for bodily injuries, including death resulting therefrom, to any persons, including employees of [Lou-Con] and its subcontractors . . . arising out of or in connection with negligent acts of [Lou-Con] or its agents or employees in performance of work under this [General] Agreement.

See, e.g., Exhibit B, article VII(1); Exhibit C, article VII(1); Exhibit D, article VII(1); Exhibit E, article VII(1); Exhibit F, article VII(1); Exhibit G, article VII(1); Exhibit H, article VII(1); Exhibit I, article X(A); Exhibit J, article X(A); Exhibit M, article VIII(1); Exhibit N, article VIII(1); Exhibit O, article VIII(1); Exhibit P, article VIII(1); Exhibit Q, article VIII(1); Exhibit R, article VIII(1).

### VI.

Some of the Murphy/Lou-Con contracts also provide as follows:

> If MURPHY is made a defendant in a lawsuit involving or arising out of [Lou-Con's] operations or performance under this [General] Agreement, [Lou-Con] will reimburse MURPHY for all attorney's fees, other legal expenses, and any other expenses MURPHY may incur in defense of such action. In addition, if requested by MURPHY, [Lou-Con] will defend MURPHY in any such action at no cost of [or to] MURPHY.

See Exhibit E, article IX; Exhibit F, article IX; Exhibit G, article IX; Exhibit H, article IX; Exhibit I, article VIII; Exhibit J, article VIII; Exhibit K, article VIII; Exhibit L, article VIII; Exhibit O, article X; Exhibit Q, article X; Exhibit R, article X; Exhibit S, article VIII; Exhibit T, article VIII.

### VII.

Similarly, some of the Murphy/Lou-Con contracts also provide as follows:

> [Lou-Con] assumes liability for and agrees to defend, indemnify, protect and hold MURPHY, its employees, officers, directors, agents and representatives, free and harmless from and against any and all claims, actions, liabilities, obligations, losses, damages, liens, demands, and suits (including all expenses, attorneys' fees and costs), of every kind, character and nature whatsoever . . . for bodily injury, sickness and/or disease, including death at any time resulting therefrom sustained by [Lou-Con's] employees . . . while in, on or about the premises of MURPHY, or the site of the work [to be performed], whether or not arising out of or in anyway connected with the Contract or with [Lou-Con's] performance thereunder.

See, e.g., Exhibit K, article X; Exhibit L, article X.

### VIII.

Murphy made demand on Lou-Con for defense and indemnity of various lawsuits brought against Murphy by Lou-Con employees pursuant to Lou-Con's contracts with Murphy. See

2

IX.

Despite amicable demand, Lou-Con has not honored its contractual obligation to indemnify and defend Murphy for suits brought against Murphy by Lou-Con employees, including, but not limited to, those suits identified on Exhibit A-1.

X.

Murphy has also entered into a settlement of Lou-Con employee Marvin Baudean's claims in the Abreo case for which Murphy again sought indemnity from Lou-Con and to which request Lou-Con has failed to accept.

XI.

Murphy is entitled to recover all attorneys' fees and costs of litigation incurred suits brought against Murphy by Lou-Con employees, including, but not limited to, those suits identified on Exhibit A-1, as well as indemnity for such suits, including, but not limited to, the settlement of Mr. Baudean's claims in Abreo from Lou-Con pursuant to the Murphy/Lou-Con contracts.

XII.

In addition to Lou-Con's contractual obligation to defend and indemnify Murphy in all suits brought by Lou-Con employees, Lou-Con was to maintain certain insurance, including, but not limited to, commercial general liability coverage (including contractual coverage) on which Murphy was to be named as an additional insured and under which the insurers' rights of subrogation against Murphy were to be waived.

XIII.

For example, several of the Murphy/Lou-Con contracts provide as follows:

> (2) Until this Agreement has been fully and completely performed, [Lou-Con] shall maintain in full force and effect with responsible carriers the following minimum insurance coverage:
>
> * * *
>
> (b) Comprehensive General Public Liability Insurance with limits of:
>
> 1. Not less than $500,000 each occurrence covering injury to or death of one or more persons by reason of one accident.

3

\* \* \*

> Such insurance will include Contractual Liability to specifically insure [Lou-Con] against liability assumed [for Murphy].

\* \* \*

(3) All insurance policies herein provided for shall be endorsed waiving subrogation rights against [Murphy] . . . . [Murphy] shall be designated as an Insured on all such insurance policies.

See, e.g., Exhibit B, article VII(2),(3); Exhibit C, article VII(2),(3); Exhibit D, article VII(2),(3); Exhibit E, article VII(2),(3); Exhibit F, article VII(2),(3); Exhibit G, article VII(2),(3); Exhibit H, article VII(2),(3); Exhibit M, article VIII(2),(3); Exhibit N, article VIII(2),(3); Exhibit O, article VIII(2),(3); Exhibit P, article VIII(2),(3); Exhibit Q, article VIII(2),(3); Exhibit R, article VIII(2),(3); Exhibit S, article X(B),(C); Exhibit T, article X(B),(C).

### XIV.

Similarly, several of the Murphy/Lou-Con contracts provide as follows:

(B) Until this GENERAL AGREEMENT has been fully and completely performed, [Lou-Con] shall maintain in full force and effect with responsible carriers the following minimum insurance coverage:

\* \* \*

2. Comprehensive General Public Liability Insurance with a combined single limit of $1,000,000. Such insurance will include Contractual Liability to specifically insure [Lou-Con] against liability assumed [for Murphy].

\* \* \*

(C) All insurance policies herein provided for shall be endorsed waiving subrogation rights against [Murphy] . . . . [Murphy] shall be designated as an Insured on all such policies.

See, e.g., Exhibit I, article X(B),(C); Exhibit J, article X(B),(C); Exhibit K, article X(B),(C).

### XV.

Similarly, the current Murphy/Lou-Con contract provides as follows:

(B) Until this GENERAL AGREEMENT has been fully and completely performed, [Lou-Con] shall maintain in full force and effect with responsible carriers the following minimum insurance coverage:

\* \* \*

2. Comprehensive General Liability Insurance, with limits of liability not less than the following:

4

|  |  |  |
|---|---|---|
| Bodily Injury & | : | $1,000,000 each occurrence |
| Property Damage |  | $1,000,000 aggregate-products |
|  |  | $2,000,000 general aggregate |

Such insurance shall include the following:

* * *

b. Contractor's Liability, insuring the indemnity agreements contained in all contracts which the insured may have with MURPHY.

* * *

4. Excess Liability Insurance, with limits of liability not less than $1,000,000 per occurrence.

* * *

C. All insurance policies herein provided for shall be endorsed as follows:

1. "Murphy Oil, USA, Inc., its subsidiaries, affiliated companies and any of their agents, directors, officers and employees are named as Additional Insureds."

2. "Underwriters waive all rights of subrogation against Murphy Oil USA, Inc., its subsidiaries, affiliated companies and any of their agents, directors, officers and employees."

See Exhibit L, article X(B),(C).

XVI.

Murphy has made demand both directly and through Lou-Con on all insurers which it believed insured Lou-Con during the relevant time periods. However, none of these insurers have agreed to defend Murphy for suits brought against Murphy by Lou-Con employees, including, but not limited to, those suits identified on Exhibit A-1, as well as indemnity for such suits, including, but not limited to, the settlement of Mr. Baudean's claims in Abreo from Lou-Con pursuant to the Murphy/Lou-Con contracts.

XVII.

In the event that Lou-Con breached its contractual obligation to maintain the required insurance coverage as required by the Murphy/Lou-Con contracts, then Lou-Con must assume the position of Murphy's insurer and defend and indemnify Murphy for suits brought against Murphy by Lou-Con employees, including, but not limited to, those suits identified on Exhibit A-1, as well as indemnity for such suits, including, but not limited to, the settlement of Mr.

Baudean's claims in <u>Abreo</u> from Lou-Con pursuant to the Murphy/Lou-Con contracts.

XVIII.

Murphy has performed all its obligations under all its contracts with Lou-Con.

XIX.

As outlined above, Lou-Con has failed to fulfill its contractual obligations to defend and indemnify Murphy and/or maintain insurance defending and indemnifying Murphy for suits brought against Murphy by Lou-Con employees, including, but not limited to, those suits identified on Exhibit A-1, as well as indemnity for such suits, including, but not limited to, the settlement of Mr. Baudean's claims in <u>Abreo</u> from Lou-Con pursuant to the Murphy/Lou-Con contracts.

XX.

On several occasions, Murphy through its attorney has written Lou-Con directly and through its counsel demanding that it fulfill its contractual obligations to provide Murphy a defense and indemnify it in these matters.

XXI.

As of this date, Lou-Con has refused to comply with Murphy's demands.

XXII.

Murphy seeks damages for Lou-Con's breach of its contractual obligations as well as a declaratory judgment that Lou-Con must defend and indemnify it as outlined above.

Wherefore, plaintiff Murphy Oil USA, Inc. prays that there be judgment rendered in its favor and against defendant Lou-Con, Inc. that Lou-Con provide a defense to Murphy for suits brought against Murphy by Lou-Con employees, including, but not limited to, those suits identified on Exhibit A-1, as well as indemnity for such suits, including, but not limited to, the settlement of Mr. Baudean's claims in <u>Abreo</u> in accordance with Lou-Con's contractual obligations. Murphy also prays for judgment against Lou-Con for pre-petition interest on the defense costs it has expended in defending against these suits from the time such costs were incurred and pre-judgment interest on all other amounts.

Murphy further prays for all other general and equitable relief that the nature of this case may permit.

*[signature]*

JAMES M. GARNER, #19589
MARTHA Y. CURTIS, #20446
SHER GARNER CAHILL RICHTER
KLEIN McALISTER & HILBERT, L.L.C.
909 Poydras Street - 28th Floor
New Orleans, LA 70112
Telephone: 504-299-2100
Facsimile: 504-299-2300
ATTORNEYS FOR PLAINTIFF
MURPHY OIL USA, INC.

**PLEASE SERVE:**

**LOU-CON, INC.**
**through**
Mr. Virgil Carson
President & Registered Agent
Lou-Con, Inc.
3100 E. St. Bernard Hwy.
Meraux, LA 70075

7

## ASBESTOS SUITS BY LOU-CON EMPLOYEES AGAINST MURPHY

*Beals, et al. v. Murphy et al.*
No. 79-150, 34th JDC - Parish of St. Bernard

*Alonzo, et al. v. Murphy, et al.*
No. 85-782 - 34th JDC - Division B

*Abreo, et al. v. Murphy, et al.*
No. 27,020, 18th JDC, Parish of West Baton Rouge

*Lassus, et al. v. Murphy, et al.*
No. 85-945 - 34th JDC - Division B

*Stan v. Murphy, et al.*
No. 20 00-14285 - CDC - Division E

*Cusimano v. Murphy, et al.*
No. 2000-14668, Civil District Court, Orleans Parish

EXHIBIT A-1

## SUMMARY OF MURPHY/LOU-CON CONTRACTS

| EXHIBIT | DATE | NUMBER |
|---|---|---|
| B | January 23, 1980 ✓ | |
| C | January 12, 1981 ✓ | |
| D | January 4, 1982 ✓ | |
| E | January 31, 1983 ✓ | |
| F | January 6, 1984 ✓ | |
| G | February 5, 1985 ✓ | |
| H | February 4, 1986 ✓ | |
| I | April 21, 1987 ✓ | 8701 |
| J | January 1, 1990 ✓ February 28, 1990 | 8920 |
| K | January 1, 1990–December 31, 1990 | 9009 |
| L | April 17, 1991 ✓ | 9110 |
| M | February 17, 1982 ✓ | MER-39072 |
| N | March 15, 1982 ✓ | MER-39181 |
| O | November 3, 1982 ✓ | MER-41021 |
| P | January 20, 1983 ✓ | MER-41563 |
| Q | February 28, 1983 ✓ | MER-41900 |
| R | December 9, 1983 ✓ | 44425 |
| S | February 25, 1987 ✓ | MER-52861 |
| T | February 25, 1987 ✓ | MER-52862 |
| U | July 10, 1989 ✓ | MER-92272 |
| V | February 3, 1992 ✓ | 92200408 |

EXHIBIT A-2